**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,         CASE NO.:

     Plaintiff,

  ALPHANSO FITZROY JOHNSON,

     Defendant,

_____/

| **COMPLAINT** |
| --- |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The Plaintiff United States of America, on behalf of its agency, the U.S. Department of Agriculture ("USDA"), Office of the Chief Financial Management Services, alleges that:

**JURISDICTION**

1) This Court has jurisdiction over the subject matter of this action pursuant to Article III Section 2, U.S. Constitution and 28 U.S.C. § 1345. *See 28 U.S.C. § 1345.*

## VENUE

2) The Defendant, ALPHANSO FITZROY JOHNSON is located in Brevard County, Florida within the Jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

3) Plaintiff, USDA, through its Natural Resource Conservation Service (hereinafter "NRCS") operates a conservation program that helps farmers, ranchers and forest landowners integrate conservation into working lands called the "Environmental Quality Incentives Program" ("EQIP").

4) EQIP provides technical and financial assistance to agricultural producers and forest landowners to address natural resource concerns.

5) On May 3, 2018 Defendant, ALPHANSO FITZROY JOHNSON, executed and delivered a master EQIP Conservation Program Contract with Plaintiff for improvements located at Holopaw Rd., Osceola County, Florida. A copy of the Conservation Program Contract described herein is attached hereto and made apart hereof as Exhibit "A" (the "Contract").

6) NRCS assigned Defendant's contract with the program and Contract Number: EQUIP 2014 744209180B2.

7) Pursuant to the contract and in exchange for payment, Defendant agreed to:

   a) implement and maintain conservation practices for the life of this agreement in compliance with the plan or schedule of operations and in

accordance with the standards, specifications, and other special program criteria obtained from NRCS;

b) to forfeit further payments under this agreement and refund the United States, in amounts determined by NRCS, any payments received hereunder upon NRCS determination that participant(s) have violated the material terms of this agreement or accept such payment adjustments as NRCS may deem appropriate if NRCS decides that the participant's violation does not warrant termination of the agreement; and

c) to forfeit all rights to further payments under the agreement and refund to the United States, in amounts determined by NRCS, payments received hereunder if the subject land is transferred to a non-participant during the term of this agreement, unless the third party agrees to assume this agreement, and the NRCS consents to the modification.

8) On May 23, 2019 Defendant signed an advance payment to buy materials.

9) On December 13, 2019 Defendant contacted NRCS and indicated that he cancelled his materials contract due to price increases of materials.

10) On December 13, 2019, NRCS determined that Defendant had violated the material terms of this agreement and demanded repayment of all funds received.

11) Upon default, USDA Financial Management Services referred this matter for collection to the United States Treasury Department, Bureau of Fiscal

Service ("Treasury").

12) Treasury identified five (5) debts from USDA owed by Defendant and assigned each of the debts an identifying Claim Number.

## COUNT I – Debt # TRFM13832072

13) Plaintiff repeats and realleges each and every material allegation set forth in Paragraphs 1 through 12 above and incorporates the same by reference.

14) Plaintiff has determined Defendant is delinquent in repaying a debt owed for Recovery of Improper payment on EQIP in Debt # TRFM13832072.

15) The Defendant became delinquent on the obligation on August 27, 2020 with a balance due of $24,247.68.

16) Plaintiff has issued a Certificate of Indebtedness detailing the amounts owed on this debt. A true and correct copy of the Certificate of Indebtedness is attached hereto and incorporated herein as Exhibit "B".

17) Plaintiff is the current owner and holder of the Contract and all other documents and instruments associated with the Contract.

18) Demand has been made upon the Defendant for payment of the indebtedness on October 15, 2020, and the Defendant has neglected or refused to pay the same.

19) As of July 28, 2026, the amount owed on the debt is $46,046.96 inclusive of applicable fees, interest and penalties as listed on the Certificate of

Indebtedness attached hereto and incorporated herein as Exhibit "B".

20) Since the issuance of the Certificate of Indebtedness, additional interest and penalties have accrued with daily interest accruing at a rate of 2.00% or a daily rate of $1.33 and daily penalty accruing at a rate of 6.00% or a daily rate of $3.99.

21) Plaintiff declares the full amount payable under the Contract to be due.

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, demands judgment against the Defendant for the sum of $46,057.60 plus interest to the date of judgment, administrative fees, all administrative costs allowed by law, and post judgment interest pursuant to 28 U.S.C. § 1961 until paid in full.

## COUNT II -  Debt # TRFM13830298

22) Plaintiff repeats and realleges each and every material allegation set forth in Paragraphs 1 through 12 above and incorporates the same by reference.

23) Plaintiff has determined Defendant is delinquent in repaying a debt owed for Recovery of Improper payment on EQIP in Debt # TRFM13830298.

24) Plaintiff has issued a Certificate of Indebtedness detailing the amounts owed on this debt. A true and correct copy of the Certificate of Indebtedness is attached hereto and incorporated herein as Exhibit "B".

25) The Defendant became delinquent on the obligation on July 30, 2020 with a balance due of $5,000.00.

26) Plaintiff is the current owner and holder of the Contract and all other documents and instruments associated with the Contract.

27) Demand has been made upon the Defendant for payment of the indebtedness on September 17, 2020, and the Defendant has neglected or refused to pay the same.

28) As of July 28, 2026, the amount owed on the debt is $9,534.68 inclusive of applicable fees, interest and penalties as listed on the Certificate of Indebtedness attached hereto as Exhibit "B".

29) Since the issuance of the Certificate of Indebtedness, additional interest and penalties have accrued with daily interest accruing at a rate of 2.00% or a daily rate of $0.28 and daily penalty accruing at a rate of 6.00% or a daily rate of $0.82.

30) Plaintiff declares the full amount payable under the Contract to be due.

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, demands judgment against the Defendant for the sum of $9,536.88 plus interest to the date of judgment, administrative fees, all administrative costs allowed by law, and post judgment interest pursuant to 28 U.S.C. § 1961 until paid in full.

## COUNT III - TRFM13832071

31) Plaintiff repeats and realleges each and every material allegation set forth in Paragraphs 1 through 12 above and incorporates the same by reference.

32) Plaintiff has determined Defendant is delinquent in repaying a debt owed for Recovery of Improper payment on EQIP in Debt # TRFM13830298.

33) Plaintiff has issued a Certificate of Indebtedness detailing the amounts owed on this debt. A true and correct copy of the Certificate of Indebtedness is attached hereto and incorporated herein as Exhibit "B".

34) The Defendant became delinquent on the obligation on August 20, 2020 with a balance due of $4,820.00.

35) Demand has been made upon the defendant for payment of the indebtedness on October 15, 2020, and the Defendant has neglected or refused to pay the same.

36) As of July 28, 2026, the amount owed on the debt is $9,162.84 inclusive of applicable fees, interest and penalties as listed on the Certificate of Indebtedness attached hereto as Exhibit "B".

37) Since the issuance of the Certificate of Indebtedness, additional interest and penalties have accrued with daily interest accruing at a rate of 2.00% or a daily rate of $0.27 and daily penalty accruing at a rate of 6.00% or a daily rate of $0.79.

38) Plaintiff declares the full amount payable under the Contract to be due.

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, demands judgment against the Defendant for the sum of $6,164.96 plus interest to the date of judgment, administrative fees, all administrative costs allowed by law, and post

judgment interest pursuant to 28 U.S.C. § 1961 until paid in full.

## COUNT IV – UNJUST ENRICHMENT

39) Plaintiff repeats and realleges each and every material allegation set forth in Paragraphs 1 through 12 above and incorporates the same by reference.

40) Defendant, ALPHANSO FITZROY JOHNSON, executed and delivered a master EQIP Conservation Program Contract with Plaintiff for improvements located at Holopaw Rd., Osceola County, Florida.

41) Pursuant to the contract, Plaintiff paid Defendant funds in furtherance of the EQIP program.

42) NRCS determined that Defendant had violated the material terms of this agreement and demanded repayment of all funds received.

43) No date Defendant has made no repayment of funds.

44) The elements of a cause of action for unjust enrichment are: (1) Plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) Defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the Defendant to retain the benefit without first paying the value thereof to the Plaintiff."); *Cape, LLC v. Och-Ziff Real Estate Acquisitions LP*, 370 So. 3d 1010, 1016 (Fla. 5th DCA 2023).

45) In the alternative to Counts I, II and III, Plaintiff may have no adequate remedy at law, in that Plaintiff conferred a monetary benefit on Defendant

in the amount of $64,744.38, and Defendant benefitted from said funds, demand was made for funds improperly disbursed, and Plaintiff has not recouped the funds.

46)   Under the circumstances, it would be inequitable and unjust for Defendant to retain these benefits without paying Plainitff the fair value of said benefits.

WHEREFORE, the Plaintiff UNITED STATES OF AMERICA hereby requests this Court to enter judgment in its favor and against Defendant for compensatory damages, prejudgment interest, costs, restitution, the imposition of a constructive trust, and such other relief as this Court deems just and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, UNITED STATES OF AMERICA, demands entry of judgment against the Defendant for the following relief:

A.   Damages in favor of Plaintiff UNITED STATES OF AMERICA against Defendant ALPHANSO FITZROY JOHNSON on the First Cause of Action in the sum of $46,057.60 with pre-judgment interest, administrative fees, all administrative costs allowed by law, and post judgment interest pursuant to 28 U.S.C. § 1961 until paid in full;

B.   Damages in favor of Plaintiff UNITED STATES OF AMERICA against Defendant ALPHANSO FITZROY JOHNSON on the First Cause of Action in the sum of $9,536.88 with pre-judgment interest,

administrative fees, all administrative costs allowed by law, and post judgment interest pursuant to 28 U.S.C. § 1961 until paid in full;

C.    Damages in favor of Plaintiff UNITED STATES OF AMERICA against Defendant ALPHANSO FITZROY JOHNSON on the First Cause of Action in the sum of $6,164.96 with pre-judgment interest, administrative fees, all administrative costs allowed by law, and post judgment interest pursuant to 28 U.S.C. § 1961 until paid in full; and

D.    For such other relief as to this Court seems just and appropriate.

DATED this  30th  day of July 2026.

Respectfully submitted,

By: /s/ Matthew L. Schulis, Esq.
    Matthew L. Schulis, Esq. (FBN: 57116)
    Attorney for the Plaintiff
    United States of America
    Subcontractor to Schuerger Law Group
    1005 N. Marion Street
    Tampa, Florida 33602
    Phone: (614) 674-6824
    mschulis@schuergerlaw.com
    efilings@schuergerlaw.com